IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL A. CARROLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-960-SLR |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 24th day of August, 2009, having reviewed the motion to dismiss filed by defendant Michael J. Astrue, Commissioner of the Social Security Administration ("defendant"), and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 12) is granted, for the reasons that follow:

1. **Background**. Plaintiff Michael A. Carroll ("plaintiff") filed an application for disability insurance benefits ("DIB") on November 1, 1994. (D.I. 13 at 1) Plaintiff's application was denied at the administrative level and, on October 15, 1998, plaintiff appealed the decision to this court which, on September 1, 1999, remanded the case for further consideration.[1] (*Id.* at 1-2) Plaintiff's application was denied for the second time and, on February 14, 2001, he appealed to this court which, on December 5, 2003, again remanded the case for further consideration.[2] (*Id.* at 2) On that same day,

---

[1] Civ. No. 98-589-JJF.

[2] Civ. No. 01-105-KAJ.

plaintiff filed two new applications for both DIB and supplemental security income ("SSI"). (*Id.*) These applications were combined with the remanded case and, on May 1, 2008, an administrative hearing was held on plaintiff's applications for DIB and SSI. (*Id.*) On August 12, 2008, an administrative law judge ("ALJ") issued a decision denying plaintiff's applications for DIB and SSI. (*Id.*; D.I. 12, ex. 1 at 3) This decision was postmarked and mailed to plaintiff and his attorney, Gary L. Smith ("attorney Smith"), on August 18, 2008.[3] (D.I. 13 at 2; ex. 1) Plaintiff did not appeal the ALJ's decision to the Social Security Administration Appeals Council ("Appeals Council"). (D.I. 12 at 3)

2. Plaintiff asserts that, at the time of the May 1, 2008 hearing, he was homeless and lived in an abandoned chicken coop approximately one mile from his sister's home in Townsend, Delaware. (D.I. 13 at 2; ex. 1) Plaintiff used his sister's address to receive his mail, which he picked up only periodically. (*Id.*) On May 8, 2008, plaintiff moved to Dover, Delaware. (*Id.* at 3; ex. 1) As of September 11, 2008, however, he was again receiving mail at his sister's address and received his copy of the August 12 decision, as well as "a letter from [his] attorney."[4] (*Id.*) Plaintiff contacted attorney Smith on that same day. (*Id.*) Attorney Smith asserts that he "represented [plaintiff] before the [ALJ] at the hearing on May 1, 2008" and also asserts that, "[p]rior to September 11, 2008, [he] had no contact from [plaintiff]." (*Id.*, ex. 1 at 3) Attorney Smith further asserts that plaintiff did not "execute[ ] an agreement for legal services[,]" authorizing him to represent plaintiff in the present matter, until December 5, 2008. (*Id.*)

---

[3]Attorney Smith acknowledges receipt of the ALJ's decision, but does not indicate when he received it. (D.I. 13, ex. 1 at 3)

[4]Plaintiff does not specify the date or content of this "letter from [his] attorney."

Plaintiff filed this civil action on December 19, 2008. (D.I. 2) By a letter dated May 20, 2009, plaintiff requested that the Appeals Council extend the filing deadline for plaintiff's complaint in this civil action. (D.I. 13, ex. 1 at 1-2) The Appeals Council denied plaintiff's request on May 27, 2009. (D.I. 12, ex. 1) Defendant filed the pending motion to dismiss on June 10, 2009, claiming that the court lacks subject matter jurisdiction over plaintiff's suit because it was not timely filed. Plaintiff responded on June 29, 2009. (D.I. 13)

3. **Discussion**. The time within which defendant may be sued is prescribed by statute. Pursuant to 42 U.S.C. § 405(g),

> [a]ny individual, after any **final decision** of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after** the mailing to him of notice of such decision or within **such further time as the Commissioner may allow.**

(Emphasis added)

4. The first question that must be addressed, therefore, is whether a final decision of the Commissioner issued and, if so, when. Consistent with 20 C.F.R. § 404.984(d), the form notice that accompanied the ALJ's August 12, 2008 decision read, in part, as follows: "If you do not file written exceptions and the Appeals Council does not act on its own motion [to review the case], **the decision of the [ALJ] will become the final decision of the Commissioner after remand[5] on the 61st day after the**

---

[5]Because this case follows a court-ordered remand, the ALJ's decision can become the final decision of the Commissioner even though no appeal is taken to the Appeals Council. Therefore, this case is distinguishable from the facts discussed in, e.g., *Bacon v. Sullivan*, 969 F.2d 1517, 1520-21 (3d Cir. 1992) (absent a timely request to the Appeals Council for review of an ALJ's decision, there is no "final decision"

**date of this notice.**" (D.I. 12, ex. 1 at 2)  In the context of this case, the ALJ's August 12, 2008 decision became the final decision of the Commissioner on October 12, 2008.

5.  Because, in this case, the decision of the ALJ became final without any additional mailing,[6] the time within which to file a civil action was December 11, 2008.[7] Plaintiff and attorney Smith were given sufficient information about this deadline in the notice that accompanied the August 12, 2008 decision.

> You will . . . have, during a 60-day period beginning with the day the [ALJ's] decision becomes final, the right to file a new civil action to have the Federal district court review that decision.
>
> **You will have the right to file a new civil action during the 60-day period starting when the [ALJ's] decision becomes final although you receive no further notice from us.**  If you do not file a civil action during that period, you will lose the right to a court review, unless you ask the Appeals Council to give you more time to file a civil action and the Council grants your request.  The Council will grant a request for more time only if the request shows a good reason for not meeting the deadline.
>
> *******
>
> [I]f you think this decision is wrong you should file your exceptions within 30 days or file a new civil action between the 61st and 121st days after the date of this notice.

(D.I. 12, ex. 1 at 2) (emphasis added)  Nevertheless, the instant civil action was not filed

---

subject to judicial review).

[6]Consequently, under the circumstances of this case, the date of mailing or the date of receipt of the ALJ's August 12, 2008 decision is irrelevant to the determination of whether the instant lawsuit was timely filed.

[7]The court acknowledges that its calculation and that of defendant differs.  The court started its calculation of the 60-day period in which to file a civil action from the 62nd day, not the 61st day; i.e., within 60 days **after** the ALJ's decision became final.  The ALJ's decision became final on the 61st day; 60 days after the 61st day is December 11, 2008.

until December 19, 2008.

6. "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" See *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). The sixty-day time limit for filing suit is a statute of limitations and, therefore, constitutes a condition on the waiver of sovereign immunity that should be strictly construed. See *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied."). Although a court can extend the sixty-day period, it should do so only in cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency judgment is inappropriate.'" *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). There has been no showing at bar that satisfies this high standard.

7. **Conclusion.** Plaintiff filed the instant civil action untimely and has failed to justify equitable tolling of the sixty-day limitations period in this case. Therefore, the court shall grant defendant's motion to dismiss.

                                                                        /s/                       
                                                          United States District Judge