IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL A. CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 08-960-SLR |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 12th day of March, 2010, having considered plaintiff's motion for reargument and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 15) is denied for the reasons that follow:

1. Plaintiff has moved for reargument of the court's August 24, 2009, order granting defendant's motion to dismiss. (D.I. 16) Plaintiff argues that he never received a "final decision" from defendant and, consequently, was unable to timely file a complaint in this court. Plaintiff also submits medical records that were received after he filed his response to the motion to dismiss. (D.I. 16, ex. 3) According to plaintiff, the records reflect that he was seen at Kent General Hospital on three occasions in 2008 and two occasions in 2009, one of which was a psychiatric admission. The motion includes the following contentions:

[T]hese records do not bear directly on [plaintiff's] physical or mental health

> during the time period between the date the decision was mailed and the date it was received[;] it is indirect evidence that [plaintiff] was experiencing health problems which may explain why [plaintiff] did not return to his sister's house in Townsend to pick[-up] his mail until 9/11/09.

(D.I. 16 at 6-7)

2. The purpose of a motion for reargument or reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment only if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Id.; see also, Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998).

3. A motion for reargument is not properly premised on a request that a court rethink a decision already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument may not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc., v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241.

2

4. Considering this authority in light of plaintiff's arguments, the court finds the issues were properly decided and the newly submitted medical records are inconsequential to the time period in issue, i.e., between the date the decision was mailed and the date it was received. Accordingly, plaintiff has failed to implicate any of the aforementioned grounds to warrant a reconsideration of the court's August 24, 2009 decision.

                                                                                           */s/*  
                                                                       United States District Judge